# In the United States Court of Federal Claims

|  |  |
|---|---|
| ISAIAH J. JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 22-108C |
| v. ) | (Filed: February 28, 2022) |
| ) | |
| THE UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

*Isiah J. Jones*, Pro Se, Blue Island, IL.

*Sarah E. Kramer*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC.

**OPINION AND ORDER**

**KAPLAN, Chief Judge.**

On January 28, 2022, Plaintiff, proceeding pro se, filed a complaint in the above-captioned case naming as defendant the University of Chicago Ingalls Memorial Hospital ("Ingalls Hospital") in Harvey, Illinois. See Compl., Docket No. 1.[1] Specifically, he alleges that he was improperly subject to involuntary (judicial) admission to Ingalls Hospital, that he was mistreated while a patient there, that hospital staff falsified his medical records, and that officers

---

[1] Along with his complaint, Mr. Jones filed a motion for leave to proceed in forma pauperis. Docket No. 2. Pursuant to 28 U.S.C. § 1915(a)(1), "any court of the United States may authorize the commencement . . . of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement . . . that the person is unable to pay such fees or give security therefor." A plaintiff need not "be absolutely destitute to enjoy the benefit of the statute." Adkins v. E.I. DuPont De Nemours & Co., 335 U.S. 331, 339 (1948). An affidavit that demonstrates the plaintiff's inability to both pay the fee and still provide for herself and any dependents is sufficient. See id.; see also Waltner v. United States, 93 Fed. Cl. 139, 143 (2010) (stating that the question is whether "paying such fees would constitute a serious hardship on the plaintiff") (internal quotation and citations omitted). Mr. Jones has made the requisite showing, and his motion for leave to proceed in forma pauperis is **GRANTED**.

of the Harvey City Police Department violated his Fourth Amendment rights under the United States Constitution. See generally Compl. He alleges violations of due process and other provisions of the United States Constitution; 42 U.S.C. § 9501; the Health Insurance Portability and Accountability Act ("HIPAA"), Pub. L. 104-191, 110 Stat. 1936 (codified as amended in scattered sections of Title 42 of the United States Code); and the Illinois law governing judicial admission to nonresidential habilitation, 405 Ill. Comp. Stat. 5/4-611. Id.; see also Compl. Ex. ("Proof of Prior Injury").[2] He seeks $900,000 in "compensatory punitive damages" for the "violation of [his] civil rights to privacy" and the infliction of "mental distress." Compl. ¶ 6.

For the reasons set forth below, the Court has determined that it lacks subject-matter jurisdiction over any of Plaintiff's claims. Therefore, the case must be dismissed.

## DISCUSSION

Jurisdiction is a threshold matter, Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94–95 (1998), and the Court has an independent obligation to satisfy itself of its jurisdiction, Arbaugh v. Y&H Corp., 546 U.S. 500, 506–07, 514 (2006). The Court may therefore raise the issue of subject-matter jurisdiction on its own at any time without a motion from a party. Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004); see also Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1346 (Fed. Cir. 2008). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Rule 12(h)(3) of the Rules of the Court of Federal Claims ("RCFC"); see also Arbaugh, 546 U.S. at 514 (stating that "courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party").

Generally, in determining subject-matter jurisdiction, the Court accepts as true all undisputed facts in the pleadings and draws all reasonable inferences in favor of the plaintiff. See Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011); Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991) (observing that the court may "inquire into jurisdictional facts" to determine whether it has jurisdiction). And while it is well established that complaints filed by pro se plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972), even pro se plaintiffs must persuade the Court that jurisdictional requirements have been met, Bernard v. United States, 59 Fed. Cl. 497, 499, aff'd, 98 F. App'x 860 (Fed. Cir. 2004); see also Zulueta v. United States, 553 F. App'x 983, 985 (Fed. Cir. 2014) ("[T]he leniency afforded to a pro se litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." (quoting Kelley v. Sec'y, U.S. Dep't of Labor, 812 F.2d 1378, 1380 (Fed. Cir. 1987))).

The Tucker Act grants the Court of Federal Claims the power "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act serves as a waiver of sovereign immunity and a jurisdictional

---

[2] The exhibits attached to Plaintiff's complaint are not paginated. Accordingly, the Court refers to the titles of the cover sheets which Plaintiff used to demarcate individual exhibits.

grant, but it does not create a substantive cause of action. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008). A plaintiff must therefore establish that "a separate source of substantive law . . . creates the right to money damages." Id. (quoting Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part)). Further, the Tucker Act does not confer jurisdiction over claims against any entity other than the United States. United States v. Sherwood, 312 U.S. 584, 588 (1941) (explaining that claims against parties other than the United States are not within this court's Tucker Act jurisdiction); see also Jaye v. United States, 781 F. App'x 994, 998 (Fed. Cir. 2019) ("It is well established that the Court of Federal Claims only has jurisdiction to hear claims against the United States.").

In this case, Plaintiff has not established that this Court has jurisdiction over the claims in his complaint. Mr. Jones asserts claims based on state and federal law against Ingalls Hospital and the Harvey City Police Department. See Compl. at A-5. He does not state a claim against any federal agencies or officials, nor otherwise allege a claim against the United States. Accordingly, this Court has no jurisdiction over his complaint.

Moreover, even were Mr. Jones to have named the United States as a defendant, he has failed to identify a separate money-mandating source of substantive rights which would provide this Court with jurisdiction over any of his claims. See Fisher, 402 F.3d at 1172; United States v. Testan, 424 U.S. 392, 398 (1976) (providing that the Tucker Act "does not create any substantive right enforceable against the United States for money damages"). Plaintiff's complaint cites an array of federal and state statutes and constitutional provisions, but none of these provisions provides a basis for the exercise of this Court's jurisdiction and many do not supply a private cause of action at all.

First, Plaintiff cites 42 U.S.C. § 9501 (also known as the Mental Health Bill of Rights), but it is well established that section 9501 does not create a private right of action. See, e.g., Semler v. Finch, 2008 WL 4151825, at *9 (D. Minn. Sept. 3, 2008), aff'd, 333 F. App'x 156 (8th Cir. 2009) (stating that section 9501 "do[es] not create a private cause of action, nor any enforceable Federal rights"); Green v. Lichtcsien, 2001 WL 78915, *3 (N.D. Ill. Jan. 26, 2001); Croft v. Harder, 730 F. Supp. 342, 351 (D. Kan. 1989), judgment aff'd, 927 F.2d 1163 (10th Cir. 1991); Monahan v. Dorchester Counseling Ctr., Inc., 961 F.2d 987, 994–95 (1st Cir. 1992), as amended (Apr. 17, 1992), as amended (May 8, 1992) (finding that the "use of the terms 'should' and 'the sense of Congress' [in section 9501] indicate that the statute is merely precatory"). Accordingly, this statute does not supply Mr. Jones with a cause of action in either this or any other court.

Plaintiff also claims violations of HIPAA, which authorizes civil and criminal penalties for violations of its provisions. 42 U.S.C. §§ 1320d-5 to d-6. Mr. Jones "cannot bring a claim under HIPAA," however, either in this Court or elsewhere, "because that statute does not create a private right of action." Frazier v. United States, 683 F. App'x 938, 940 (Fed. Cir. 2017) (citing Dodd v. Jones, 623 F.3d 563, 569 (8th Cir. 2010), Miller v. Nichols, 586 F.3d 53 (1st Cir. 2009), Webb v. Smart Document Sols., LLC, 499 F.3d 1078, 1081 (9th Cir. 2007), Acara v. Banks, 470 F.3d 569, 571 (5th Cir. 2006)). Only the Secretary of the Department of Health and Human Services, not private individuals, is authorized to seek penalties for violations of HIPAA. See 42 U.S.C. §§ 1320d-5 to d-6.

Mr. Jones also alleges violations of the Illinois Mental Health and Developmental Disabilities Code, which governs the admission, detention, and treatment of Illinois residents who are subject to involuntary admission. See 405 Ill. Comp. Stat. 5/1-100 et seq. "Claims founded on state law," however, are "outside the scope of the limited jurisdiction of the Court of Federal Claims." Souders v. S.C. Pub. Serv. Auth., 497 F.3d 1303, 1307 (Fed. Cir. 2007); see also Cabral v. United States, 317 F. App'x 979, 982 (Fed. Cir. 2008) (providing that the Court of Federal Claims "does not have jurisdiction over claims founded on state law"); Jackson v. United States, 612 F. App'x 997, 999 (Fed. Cir. 2015) (the Court of Federal Claims "has no authority over a claim seeking damages from a state"); 28 U.S.C. § 1491(a)(1) (providing the Court of Federal Claims with jurisdiction to hear "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort"). Accordingly, this Court is not the proper forum in which to seek judicial relief under the Illinois Mental Health and Developmental Disabilities Code.

Neither can Plaintiff's citation to O'Connor v. Donaldson, in which the Supreme Court established that the right to due process means that "[a] finding of 'mental illness' alone cannot justify a State's locking a person up against his will and keeping him indefinitely in simple custodial confinement," justify the exercise of this Court's jurisdiction. 422 U.S. 563, 575–76 (1975) (holding that "a State cannot constitutionally confine without more a nondangerous individual who is capable of surviving safely in freedom by himself or with the help of willing and responsible family members or friends"). "The Court of Federal Claims does not have jurisdiction to render judgment on claims arising under the . . . Due Process Clause of the Fifth Amendment . . . or the Equal Protection and Due Process Clauses of the Fourteenth Amendment." Drake v. United States, 792 F. App'x 916, 920 (Fed. Cir. 2019) (citing Smith v. United States, 709 F.3d 1114, 1116 (Fed. Cir. 2013)). "The Court of Federal Claims likewise does not have jurisdiction to entertain federal civil rights violations because the protections afforded by 42 U.S.C. §§ 1981, 1983, and 1988 create liability only when injury occurs under state law." Id. (citing Wilson v. United States, 566 F. App'x 913, 915 (Fed. Cir. 2014); Maxberry v. United States, 722 F. App'x 997, 1001 (Fed. Cir. 2018)); see also LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (observing that claims brought under the Fourteenth Amendment are not within the jurisdiction granted by the Tucker Act because this provision "do[es] not mandate payment of money by the government"). The Court therefore lacks jurisdiction over the claims set forth in Mr. Jones' complaint which allege civil rights violations committed by state officials or private persons.

This Court likewise lacks jurisdiction over claims based on the Fourth Amendment to the United States Constitution, because that constitutional provision is not money-mandating. Pekrul v. United States, 792 F. App'x 836, 838 (Fed. Cir. 2020) (citing Brown v. United States, 105 F.3d 621, 623 (Fed. Cir. 1997)). Mr. Jones' claim that his "civil rights to privacy" have been violated are similarly unavailing. See Gibson v. United States, 121 Fed. Cl. 215, 217 (2015) (observing that jurisdiction over civil rights claims is vested exclusively in the federal district

courts); Patterson v. United States, 218 F. App'x 987, 988 (Fed. Cir. 2007) (providing that the Ninth Amendment cannot support "a claim for money damages against the United States").[3]

Finally, to the extent that Mr. Jones seeks "punitive" damages for the alleged infliction of "mental distress," these are tort claims and therefore not within this Court's jurisdiction, 28 U.S.C. § 1491(a)(1); Rick's Mushroom Serv., Inc., 521 F.3d at 1343, and, in any event, this Court lacks jurisdiction to award punitive damages, Garner v. United States, 230 Ct. Cl. 941, 943 (1982).[4]

Where, as here, a federal court lacks jurisdiction over a particular matter, it has the authority to transfer the case to a court "in which the action . . . could have been brought at the time it was filed or noticed" if such transfer is "in the interest of justice." 28 U.S.C. § 1631; see also Tex. Peanut Farmers v. United States, 409 F.3d 1370, 1374 (Fed. Cir. 2005).[5] A decision to transfer rests within the sound discretion of the transferor court, and the Court may decline to transfer the case "[i]f such transfer 'would nevertheless be futile given the weakness of plaintiff's case on the merits.'" Faulkner v. United States, 43 Fed. Cl. 54, 56 (1999) (quoting Siegal v. United States, 38 Fed. Cl. 386, 390 (1997)). "The basic test . . . for determining if a case should be transferred is whether it would be in 'the interest of justice' to do so." Busby School of N. Cheyenne Tribe v. United States, 8 Cl. Ct. 588, 595 (1985). According to the Federal Circuit, "[t]he phrase 'if it is in the interest of justice' relates to claims which are nonfrivolous and as such should be decided on the merits." Galloway Farms, Inc. v. United States, 834 F.2d 998, 1000 (Fed. Cir. 1987) (citing Zinger Constr. Co. v. United States, 753 F.2d 1053, 1055 (Fed. Cir. 1985)).

That standard is not met here. As explained above, the majority of Mr. Jones' claims do not state any possible federal claim or any basis for federal court jurisdiction, and transfer would therefore be inappropriate because no other court, as defined in the transfer statute, would have jurisdiction. Further, although the Court has attempted to parse the remainder of Mr. Jones' civil rights and constitutional claims, which are laid out in repetitive and disjointed fashion, it is unable to find that his vague references to violations of constitutional provisions, statutes, and

---

[3] "The Court of Federal Claims is not a district court of the United States." Ledford v. United States, 297 F.3d 1378, 1382 (Fed. Cir. 2002).

[4] Plaintiff also alleges violations of the "Patient Protection Act." Compl. at A-6 (alleging that the hospital's "deceptive practices" including "[b]illing for services not rendered . . . [f]alsifying certificates of necessity and billing for services not medically necessary," as well as "inappropriately transferr[ing patients] between facilities . . . with the intent to maximize billing"). To the extent that Plaintiff's claim can be construed as alleging a violation of the False Claims Act, 31 U.S.C. §§ 3729–33, monetary recovery from the government for such claims is only authorized in qui tam actions against the United States, see 31 U.S.C. § 3732(a). The federal district courts have exclusive jurisdiction over qui tam claims. LeBlanc, 50 F.3d at 1031 ("[Q]ui tam suits may only be heard in the district courts." (citing 31 U.S.C. § 3732(a))).

[5] For purposes of 28 U.S.C. § 1631, the Court of Federal Claims is a court of the United States. See 28 U.S.C. § 610.

regulations state any nonfrivolous claims. While "[t]he [C]ourt will transfer a case when a plaintiff articulates a clearly stated and nonfrivolous complaint," Schrader v. United States, 103 Fed. Cl. 92, 101 (2012), it is not in the interest of justice to transfer claims which are "unlikely to be meritorious in another court of the United States," Phang v. United States, 87 Fed. Cl. 321, 330–31 (2009), aff'd, 388 F. App'x 961 (Fed. Cir. 2010). "Although a court is generally prohibited from reaching the merits of a claim after determining that it lacks jurisdiction, the 'interest of justice' prong of 28 U.S.C. § 1631 provides jurisdiction for a limited review." Joslyn v. United States, 420 F. App'x 974, 979 (Fed. Cir. 2011) (citing Phillips v. Seiter, 173 F.3d 609, 611 (7th Cir. 1999)). Where the record is "completely void of evidence" to support a plaintiff's nonfrivolous claims, id., the Court is well within its discretion to refuse to transfer the case to a court which may have jurisdiction over those claims.

## CONCLUSION

In accordance with the foregoing, Plaintiff's application to proceed in forma pauperis, Docket No. 2, is **GRANTED**, and his complaint, Docket No. 1, is **DISMISSED** without prejudice. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

*Elaine D. Kaplan*
ELAINE D. KAPLAN
Chief Judge